**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin A Osborn,<br><br>        Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>        Respondents. | No. CV-20-02344-PHX-ROS (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE ROSLYN O. SILVER, SENIOR UNITED STATES DISTRICT JUDGE:

Petitioner Kevin A. Osborn has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.  Summary of Conclusion.**

On August 22, 1997, Petitioner was sentenced to consecutive 15-year terms of imprisonment for two counts of manslaughter. Because he is serving consecutive sentences, the Arizona Department of Corrections denied him earned-release credits toward his first sentence. In 2010, Petitioner filed a petition for post-conviction relief contesting that decision. The superior court denied relief and Arizona Court of Appeals affirmed the decision in 2012. Petitioner now asks the Court to reverse those rulings. The habeas Petition was due January 27, 2013, but he filed the Petition on December 3, 2020. Petitioner's claims are untimely and he is not entitled to equitable tolling. Accordingly, the Court will recommend that the Petition be denied and dismissed with prejudice.

## II. Background.

### a. Facts and Trial Procedural History.

On August 22, 1997, Petitioner was sentenced in Maricopa County Superior Court to two consecutive 15-year terms in prison for separate counts of manslaughter, in Counts I and II. (Doc. 13-1, Ex. 1, at 6; Ex. 2, at 12.) Petitioner was given credit for 475 days of pre-sentence custody applied to the first sentence, making the effective beginning of the sentence as May 4, 1996. (*Id.*)

### b. Petition for Post-Conviction Relief in State Court.

On March 10, 2010, Petitioner filed a post-conviction relief (PCR) petition in the Maricopa County Superior Court. (*Id.*, Ex. 3.) Therein, Petitioner requested, *inter alia*, that "[Arizona Department of Corrections (ADC)] be ordered to apply all his [Earned Release Credit (ERC) days] earned on his first sentence so that they affect his actual time served . . . and that [ADC] be ordered to (retroactively) release him to his second sentence." (*Id.*, at 38.) On March 30, 2010, the PCR court found that Petitioner's ERC dispute with ADOC was not a cognizable claim under Ariz. R. Crim. P. 32 and redesignated the proceeding as a Complaint for Special Action. (*Id.*, Ex. 4; Ex. 10 at 177-178.) On June 8, 2010, the superior court accepted jurisdiction of the Special Action and denied Petitioner his requested relief. (*Id.*, Ex. 6, at 74-75.)

On November 30, 2010, Petitioner appealed the trial court's denial of Special Action relief to the Arizona Court of Appeals. (*Id.*, Ex. 7.) On January 26, 2012, the Arizona Court of Appeals affirmed the decision of the trial court. (Doc. 13-1, Ex. 10, at 179.)[1] Petitioner did not seek review of the appeals court decision with the Arizona Supreme Court. (*Id.*, Ex. 10.)

### c. Petitioner's Formal Inmate Grievance.

On November 2, 2020, Petitioner filed a formal Inmate Grievance proposing that

---

[1] The Arizona courts determined that the statute in effect for Petitioner did not allow for earned release credits to be applied toward a sentence unless the inmate was released from the Department of Corrections. Since Petitioner was serving consecutive sentences, he was not released on Count One and was not eligible for the application of earned release credits earned under that count. (Doc. 13-1, Ex. 10, at 179.)

"the withheld ERC days [from the first sentence] be applied to the end of [his] second sentence." (*Id.*, Ex. 11, at 190.) On November 6, 2020, Deputy Warden Abbl denied Petitioner's grievance, stating that "[a]n inmate serving a sentence with a consecutive sentence to serve and whose date of offense is between August 13, 1986 and December 31, 1993 shall not be entitled to deduction of release credits." (*Id.*, Ex. 11, at 189.) On November 10, 2020, Petitioner filed an Inmate Grievance Appeal with the Director's Office. (*Id.*, Ex. 11, at 186.) On November 30, 2020, the Director's Office affirmed Deputy Warden Abbl's decision to deny the grievance. (*Id.*, Ex. 11, at 183.)

### III. Petitioner's Federal Habeas Petition.

On December 7, 2020, Petitioner filed the instant Petition. (Doc. 1.) On December 18, 2020, he amended his Petition. (Doc. 6.) This Court summarized the claims in Petitioner's Amended Petition as follows:

> In Grounds One and Two, Petitioner contends he is being held in custody illegally, in violation of his Fifth and Fourteenth Amendment rights; he claims he is being subjected to an unconstitutional denial of liberty and procedural due process (Ground One) and liberty and substantive due process (Ground Two). In Ground Three, he alleges ADC's treatment of Petitioner and others "creates an underclass of prisoners who are treated illegally due to violation of the Equal Protection Clause" of the Fourteenth Amendment. In Ground Four, Petitioner contends he is being held in illegal custody, in violation of his Fifth and Fourteenth Amendment due process rights because the 1991 version of Arizona Revised Statutes section 41-1604(B) and (D) is "unconstitutionally vague" and ADC's promulgation and enforcement of its "unconstitutional Department Order" was only possible because of the ambiguous nature of the statute.

(*Id.* at 2-3.)

Here, Petitioner is challenging the denial of ERC on his first sentence. He states that "I am not challenging my conviction or the sentence itself, only the denial by ADOC of all my earned time on my first sentence, which now leaves me in illegal custody." (Doc. 6 at 13.) Petitioner agrees this claim "previously was presented by petition to the Maricopa County Superior Court and the Arizona Court of Appeals (both with decisions on the merits). . . ." (Doc. 6 at 5.) Petitioner avows each of his four claims was similarly exhausted. (*Id*. at 7, 9, and 10.)

On March 1, 2021, Respondents filed a Limited Response. (Doc. 13.) On March 23,

2021, Petitioner filed a reply. (Doc. 14.)

### a. Statutory Tolling.

Petitioner's PCR/Special Action proceedings ended on January 27, 2012, after he did not file a petition with the Arizona Supreme Court for review of the Arizona Court of Appeals decision. AEDPA provides a one-year statute of limitations concerning Petitions for Habeas Corpus. 28 U.S.C. § 2244(d)(1)(A), (d)(2). Thus, Petitioner's one-year limitation to file a timely petition ended on January 27, 2013, absent additional tolling.

AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In Arizona, post-conviction review is pending once a notice of the petition is filed. *See Isley v. Arizona Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of PCR with the court in which the conviction occurred.").

Petitioner had no petitions for relief pending from the time PCR proceedings ended on January 27, 2012, so statutory tolling would not apply here. Petitioner's subsequent November 2, 2020 Formal Inmate Grievance did not reinitiate the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding "that section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Jones v. Schriro*, 2009 WL 775384, at *2 (D. Ariz. 2009) (dismissing similar petition as untimely because petitioner was "not entitled to additional tolling during the time in which he was pursuing administrative remedies, nor is he entitled to reinitiate the limitations period based on an attempt in 2007 to resolve the issue with Department of Correction's personnel.").

### b. Equitable Tolling.

Petitioner is not entitled to equitable tolling because he has not shown extraordinary circumstances. "A petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing

on time, and (2) he has diligently pursued his rights." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). Petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted). The latest date for Petitioner to file a federal habeas petition was January 27, 2013, but Petitioner did not file until December 7, 2020.

Here, Petitioner submits that "multiple ADOC officials represented to me that the ERCD in question would be applied at [the end of his second sentence]." (Doc. 6 at 14.) He states that "[f]or years, while Petitioner was attempting to resolve this issue, numerous ADOC officials told him that if he were not credited with the ERCD in question during his first sentence, they would be 'applied' towards the end of his second sentence (in addition to the ERCD earned on the second sentence)." (*Id*. at 16-17.) But Petitioner does not describe what he has been doing "for years" to "resolve" the issue of the denial of his ERC on his first sentence. Petitioner presents no grievance or legal actions pursued between 2013 and 2020. Petitioner had a ruling from the Arizona Court of Appeals in 2012 that denied him ERC on his first sentence, but he did nothing regarding that ruling until he filed the habeas Petition on December 7, 2020.[2] Petitioner appears to have hoped his ERC would

---

[2] Petitioner was aware of the right to file a habeas petition, as he filed a request for a stay to file a habeas petition on March 21, 2000 on an unknown issue. (CV 00-0522-PHX-ROS.) The Court dismissed the matter because Petitioner did not file a petition. (*Id*. at 2.) (Petitioner also litigated a 42 U.S.C. § 1983 action from 12/1/2008 to 3/30/2012.) (CV 08-2193-PHX-ROS.)

be applied to his second sentence but he waited until 2020 to pursue that claim. When that process failed, he filed this Petition requesting the Court review the 2012 decision of the Arizona Court of Appeals. In his Reply, "Petitioner states that he makes no claim that the ERCD in question should be 'applied' to his second sentence. He argues here, as he argued through the state pleadings, that the ERCD in question should be given effect as to his first sentence. . . ." (Doc. 14 at 7.)

Petitioner has not diligently pursued this claim or demonstrated that external circumstances caused the delay and filing. *See, e.g.*, *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Waldron-Ramsey*, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'" (alteration in original) (citation omitted)).

### c. Factual Predicate.

Petitioner fails to demonstrate that a new fact permits him to timely file the habeas petition. A person may file a federal habeas petition one year after "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). But the "'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Ford v. Gonzalez*, 683 F.3d 1230 (9th Cir. 2012).

Here, Petitioner was aware of the facts relevant to the claim exhausted in the Arizona Court of Appeals in 2012. The Arizona Appeals Court ruled that "the superior court correctly rejected Osborn's claim ADOC wrongfully denied him earned release credits." (Doc. 13-1, Ex. 10, at 179.) Petitioner fails to present facts that would materially

alter how the state courts ruled on the initial PCR Petition. Thus, Petitioner was entirely aware of "the factual predicate of" the claim in the instant Petition at the time he filed the unsuccessful PCR Petition, so the statutory deadline to file a habeas petition cannot be extended under 28 U.S.C. § 2244(d)(1)(D). *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) ("[The limitation period] begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.").

**IV. Conclusion.**

Based on the above analysis, the Court finds that Petitioner's claim is untimely. Petitioner's claim was not statutorily tolled, Petitioner fails to make any showing of extraordinary circumstances necessary for equitable tolling. The Court will therefore recommend that the Amended Petition for Writ of Habeas Corpus (doc. 6) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (doc. 6) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 13th day of July, 2021.

Honorable John Z. Boyle
United States Magistrate Judge